IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DELOACH, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 17-2506 |
| | : | |
| ALMAC PHARMA SERVICES LLC, | : | |
|     Defendant. | : | |

**Jones, II    J.**

**March 1, 2018**

**MEMORANDUM**

Plaintiff is a former employee of Defendant, Almac Pharma Services LLC, and brings the above captioned action alleging: Count I – Sexual Harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, 42 U.S.C. §2000e-5, and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.; Count II – Age and Sex Discrimination in violation of the Pennsylvania Human Rights Act, 43 Pa. C.S.A. 951-963; and Count III – Constructive Discharge due to Defendant's ongoing harassment, retaliation and hostile work environment. (ECF No. 1). According to Plaintiff, she was sexually harassed, discriminated against based on her age and gender and also constructively discharged. Presently before the court is Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety. Based on a thorough review of Plaintiff's Complaint, Defendant's Motion to Dismiss and Plaintiff's response in opposition thereto, this Court grants Defendant's Motion in its entirety. This Court also grants Plaintiff leave to amend within fourteen days.

1

I. FACTUAL BACKGROUND

The following facts are presented in the light most favorable to Plaintiff. Plaintiff is a forty year old woman who on November 18, 2014, completed an online application for placement at Kelly Services, Inc., a company used to place applicants with employers. (ECF No. 1, ¶ 6). Plaintiff noted in her application that her highest level of education was tenth grade. (ECF No. 1, ¶ 7). Kelly placed Plaintiff at Almac on a six month contract to cover another employee on maternity leave. (ECF No. 1, ¶ 8). Plaintiff began her six month contract, but not before Almac received a file explicitly identifying Plaintiff's education level. (ECF No. 1, ¶ 11).

At the conclusion of Plaintiff's six month contract, she was retained full-time in a client services administrative role. (ECF No. 1, ¶ 13). During her tenure as a full-time employee, Plaintiff alleges that she was subject to inappropriate comments by her coworkers. (ECF No. 1, ¶ 14). For instance, Plaintiff was required to take a drug test and the Facility Director suggestively asked to join. (ECF No. 1, ¶ 15). The Facility Director later stated to Plaintiff that he was never required to take the drug test because he was a man. (ECF No. 1, ¶ 16).

After the Facility Director's comments, Plaintiff complained and the air was turned off in her work area, causing her illness. (ECF No. 1, ¶ 17). The mistreatment to Plaintiff continued. On one occasion, the Director of Quality Assurance, Carolyn Bidelman, yelled at Plaintiff saying, "Hey you! Many women would pay good money for your deep voice." (ECF No. 1, ¶ 19). On another occasion, the Facility Director screamed at Plaintiff saying, "Are you ok? What happened? Is somebody here?," ultimately making Plaintiff feel as if everyone around her was on the verge of laughing. (ECF No. 1, ¶ 20). After complaining again, Plaintiff was terminated. (ECF No. 1, ¶ 21). Plaintiff was told that under no circumstances does Almac hire anyone without a high school diploma. (ECF No. 1, ¶ 21). Plaintiff alleges that, "the excuse of not

having a high school diploma was pretextual and Plaintiff was subjected to inappropriate sexual comments and discriminatory and harassing behavior." (ECF No. 1, ¶ 22).

After being terminated, Plaintiff filed a Notice of Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging Age Discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). (ECF No. 3-1). Plaintiff subsequently filed a Complaint alleging (1) Sexual Harassment, (2) PHRA-Age and Sex Discrimination, and (3) Constructive Discharge. (ECF No. 1). Defendant now moves to dismiss Plaintiff's Complaint in its entirety. (ECF No. 3).

II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; accord *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

III. DISCUSSION

Defendant makes three arguments in favor of dismissal. First, Defendant argues that Plaintiff's hostile work environment claims based on sex must be dismissed for failure to exhaust administrative remedies and failure to state a claim. (ECF No. 3, p. 5). Next, Defendant argues that Plaintiff's age discrimination claim fails to state a claim. (ECF No. 3, p. 11). Finally, Defendant argues that Plaintiff's constructive discharge claim must be dismissed because Plaintiff pleads that she was terminated and because the complaint lacks factual support. (ECF No. 3, p. 13). This Court will address each of Plaintiff's claims in turn.

    A. Plaintiff has failed to exhaust her administrative remedies in regards to her claims based on sex

In counts I and II of the Complaint, Plaintiff makes two separate sex-based discrimination claims that are currently in dispute. Defendant argues that Plaintiff's sex-based claims should be dismissed for failure to exhaust administrative remedies to the extent Plaintiff pursues a claim based on sexual harassment or a hostile work environment. (ECF No. 3, pp. 5-8). Specifically, Defendant argues that Plaintiff's EEOC charge is devoid of any reference to these two theories of relief. (ECF No. 3, pp. 5-8).

A plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). Here, Plaintiff files two claims based on sex discrimination: (1) sexual harassment in violation of Title VII and the PHRA (ECF No. 1, 23-30) and (2) sex discrimination in violation of the PHRA. (ECF No. 1, 31-34). Before bringing a claim under Title VII or the PHRA, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue. *Robinson v. Dalton,* 107 F.3d 1020-21 (3d Cir. 1997). "[T]he parameters of the civil action in [a] district court are defined by the scope of the EEOC investigation which can reasonably be expected to

4

grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the [EEOC]." *Mandel* at 163. The test to apply in this instance is "whether the acts alleged in the subsequent [Complaint] are fairly within the scope of the prior E.E.O.C. complaint, or the investigation arising therefrom." *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir. 1996).

On February 13, 2017, Plaintiff filed a notice of charge of discrimination against Defendant under the Age Discrimination in Employment Act. (ECF No. 3-1). This Court finds that Plaintiff failed to charge sex discrimination in its EEOC Complaint. Plaintiff failed to check the box for "Title VII of the Civil Rights Act (Title VII)" or the box for "sex" discrimination, which would have alerted the EEOC of Plaintiff's intention to file sex-based claims and informed the scope of the EEOC investigation. (ECF No. 3-1). Moreover, Plaintiff failed to allege anything more than a mere conclusory allegation to suggest that Plaintiff experienced sex discrimination.

Plaintiff's failure to check the appropriate boxes would not itself be a sufficient basis for dismissal if the facts alleged in the EEOC Complaint would support a claim for sex discrimination. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (upholding a lower court's decision to dismiss a plaintiff's claims because not only did the plaintiff fail to check the appropriate boxes, the plaintiff failed to provide factual statements in support of such claims.). However, on the final page of Plaintiff's EEOC Complaint, Plaintiff merely states "[t]he excuse of not having a high school diploma was pretextual and DeLoach was subjected to inappropriate sexual comments and discriminatory and harassing behavior." (ECF No. 8-1, p. 13).

This Court finds similarity to *Mandel* in this current case. Plaintiff failed to check the appropriate boxes in its EEOC Complaint. No factual support was given in the pages leading up to Plaintiff's conclusory statement. In as much as acts alleged in Plaintiff's Complaint were not fairly within the scope of the prior EEOC Complaint, this Court concludes that Plaintiff failed to exhaust her administrative remedies in relation to her sex-based claims. For the foregoing reasons, this Court dismisses Plaintiff's sexual harassment claim and discrimination based on sex claim.

B. Plaintiff fails to plead a prima facie claim of age discrimination

Defendant argues that Plaintiff's age discrimination claim should be dismissed because she fails to assert factual allegations setting forth her entitlement to relief under the PHRA. (ECF No. 3, p. 17). Plaintiff responds that "[she] does not need to establish a prima facie case of discrimination to withstand a motion to dismiss." (ECF No. 8-1, pp. 4-6). This Court disagrees.

Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (1994). The same legal standard applies to a claim under the PHRA as applies to an ADEA claim. *Kautz v. Met Pro Corp.,* 412 F.3d 463, 466 n. 1 (3d Cir. 2005). In this action, Plaintiff claims that Defendant discriminated against her on the basis of age by using her lack of a high school diploma as a pretext to fire her. (ECF No. 8-1, pp. 6-7). However, when a plaintiff alleges age discrimination, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993). The plaintiff's age must have actually played a role in the employer's decision

making process and had a determinative influence on the outcome. *Id.* Age discrimination claims in which a plaintiff relies on circumstantial evidence proceed according to the three-part burden-shifting framework set forth in *McDonnell Douglass v. Green*. 411 U.S. 792, 802 (1973).

Under this framework, the plaintiff must first establish a *prima facie* case of discrimination. *Keller v. Orix Credit All., Inc.,* 130 F.3d 1101, 1108 (3d Cir. 1997). If the plaintiff successfully establishes a prima facie case of discrimination, the burden shifts to the employer to "articulate some legitimate, non-discriminatory reason" for the adverse employment action. *Jones v. Sch. Dist. of Phila.,* 198 F.3d 403, 412 (3d Cir. 1999). Once the defendant presents a legitimate, lawful reason for its employment action, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason for its conduct was, in fact, pretext for unlawful discrimination. *Id.*

      i. Plaintiff cannot make a prima facie showing of age discrimination

To state a *prima facie* case for age discrimination, a plaintiff must allege that (1) she is over forty, (2) she is qualified for the position in question, (3) she suffered from an adverse employment decision, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Potence v. Hazleton Area Sch. Dist.,* 357 F.3d 366, 370 (3d Cir.2004). Where the plaintiff is not directly replaced, the fourth element is satisfied if the plaintiff can provide facts which "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

Plaintiff's Complaint falls short of making a *prima facie* case. Plaintiff alleges that she is over forty and Plaintiff being brought on as a full time employee after a six month trial period

7

clearly suggests that she was qualified for the position in question. However, Plaintiff's Complaint fails to allege that her replacement was sufficiently younger to permit a reasonable inference of age discrimination or provide facts which "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). Instead, Plaintiff makes numerous pleadings that she was terminated based on the fact that she did not have a high school diploma – "[h]owever the excuse for not having a high school diploma was pretextual…." (ECF 1, ¶ 22). Plaintiff's Complaint is replete with pleadings stating that she was terminated for not having a high school diploma but not one pleading that alludes to her age. For the foregoing reasons, this Court dismisses Plaintiff's Age Discrimination Claim.

      C.    Plaintiff does not plead that she resigned or was forced to resign

In addressing Plaintiff's final claim, Defendant argues that Plaintiff's constructive discharge claim should be dismissed because she was terminated and not forced to resign. (ECF No. 3, p. 13). Plaintiff's response is that "[w]hether one calls it termination, constructive discharge or resignation is merely semantics." (ECF No. 8, p. 6). This Court disagrees with Plaintiff and notes the distinction of how Plaintiff was removed from employment is not just semantics, but a distinction integral to the claim at hand.

Third Circuit precedent makes clear that a claim of constructive discharge is appropriate when an employee feels that they have been forced to resign. *See Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161 (3d Cir. 1993) (stating "We employ an objective test in determining whether an employee was constructively discharged from employment: whether 'the conduct complained of would have the foreseeable result that working conditions would be so unpleasant or difficult that a reasonable person in the employee's shoes would resign.'"); *see also Mandel v.*

8

*M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013) (stating "[t]o establish a constructive discharge, [Plaintiff] must show that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign."). In both cases, the employees were told to resign or felt forced to resign.

Plaintiff does not plead that she resigned; instead Plaintiff clearly acknowledges that she was terminated. (ECF No. 1, ¶ 21). Plaintiff's only pleading to support this claim is that "[u]nder the circumstances, a reasonable person in Plaintiff's position would have similarly felt compelled to not continue her work…" (ECF No. 1, ¶ 37). Notwithstanding Plaintiff's boiler plate language, Plaintiff was terminated and did not resign thus constructive discharge is not the appropriate claim. Count III of Plaintiff's Complaint will be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in its entirety. This Court also grants Plaintiff leave to amend within fourteen days. An appropriate Order follows.

BY THE COURT:

_____

C. Darnell Jones, II  J.

9